

**FILED**

08/30/2022

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 22-0446

IN THE SUPREME COURT OF THE STATE OF MONTANA

OP 22-0446

FILED

AUG 3 0 2022

Bowen Greenwood
Clerk of Supreme Court
State of Montana

STEPHEN W. SEESE,

Petitioner,

v.

JAMES SALMONSEN, Warden, and
DEPARTMENT OF CORRECTIONS,

Respondents.

O R D E R

Stephen W. Seese has filed a Petition for Writ of Habeas Corpus, arguing that as an accessory, his sentence is longer than the law allows. He states that his forty-year prison sentence for negligent homicide and as a persistant felony offender is too long when it should be twenty years. Seese also requests to be placed elsewhere, besides the Montana State Prison, because the facility "offer[s] little mental health help here and" months go by before one may see a professional.

This Court is familiar with Seese's background. In 2016, the State of Montana charged Seese with deliberate homicide in the Lake County District Court. Seese pleaded guilty to negligent homicide (accountability), and the District Court designated Seese as a persistent felony offender (PFO), sentencing him to the Montana State Prison for forty years with no time suspended. He did not appeal. Seese, however, filed an application for sentence review. The Sentence Review Division of the Montana Supreme Court affirmed Seese's sentence on May 4, 2017. Seese previously sought habeas corpus relief with this Court that we denied. *See Seese v. Cmdr. O'Fallon*, No. OP 17-0683, Order (Mont. Dec. 5, 2017) (*Seese I*).

Seese does not have an illegal sentence. "The District Court imposed one sentence for the PFO designation and not for the offense." *Seese I*, at 1. We stated before:

We previously have held "that sentences imposed based on an offender's status as a persistent felony offender *replace* the sentence for the underlying felony." *State v. Gunderson*, 2010 MT 166, ¶ 54, 357 Mont. 142, 237 P.3d 74 (emphasis in original). While a forty-year prison sentence may be lengthy, Seese could have received a longer sentence. With a PFO designation, the District Court may impose a prison sentence of up to 100 years, pursuant to § 46-18-502(1), MCA.

*Seese I*, at 1-2. The District Court determined that, pursuant to § 45-2-301, MCA, Seese was liable by accountability. The court did not use the term of accessory.

This Court cannot place offenders, only the Department of Corrections has that authority. Section 46-23-1004, MCA.

Seese has not demonstrated illegal incarceration. Section 46-22-101(1), MCA. His sentence is not longer than the law allows. Therefore,

IT IS ORDERED that Seese's Petition for Writ of Habeas Corpus is DENIED and DISMISSED.

The Clerk is directed to provide a copy of this Order to counsel of record and to Stephen W. Seese personally.

DATED this 3 0 day of August, 2022.

_____
Chief Justice

_____

_____

_____

_____
Justices

2